UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:19-CV-80522-ROSENBERG/REINHART

COLUMNA, INC,

    Plaintiff,

v.

AETNA HEALTH, INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss, filed on June 13, 2019. Mot., DE 8. The Motion has been fully briefed. *See* Pl. Resp., DE 10; Def. Reply, DE 16. The Court also had the benefit of oral argument on August 14, 2019. DE 18.

### I. BACKGROUND

Plaintiff Columna Inc. filed this case on April 16, 2019, alleging eight different causes of action against Defendant Aetna Health, Inc. DE 1. Columna is "a medical provider that specializes in orthopedic spine surgery" to treat "neck and back pain, sciatica/nerve compression, spinal cord compression, scoliosis, and spinal fractures." *Id.* at 2. "Aetna provides health care insurance, administration and/or benefits to insureds or plan participants pursuant to a variety of health care benefits plans" including both private health insurance plans and ERISA-based health plans. *See id.* at 1. Columna is "an out-of-network provider for Defendant's Plans, meaning that Plaintiff does not contract with Defendant or participate in any of Defendant's provider networks." *Id.* at 3. Columna alleges that it provided medically necessary spine surgery to patients with health plans either insured or administered by Aetna. *See id.* at 5-8.

After treating these Aetna-covered patients, Columna alleges that it was not fully compensated for its services. *See id.* at 6. Columna alleges that Aetna is liable for this under- or non-payment of medical bills for Columna's Aetna-covered patients. *See id.* In short, this case is about whether Aetna Health wrongfully refused to pay Columna for medical services provided to Aetna members and whether Aetna wrongfully interfered with Plaintiff's relationships with its patients/Aetna's members. *See id.*

In Count I, Columna alleges a claim to recover benefits for services rendered to patients under the Employment Retirement Security Act ("ERISA"). *Id.* at 9-10. Count II seeks a declaratory judgment clarifying Columna's rights and responsibilities under the terms of Aetna's ERISA-based health plans. *Id.* at 10-11. In Count III, Columna alleges Aetna breached its contract with Columna, as the assignee of Aetna's members, based on Aetna's non-ERISA health plans. *Id.* at 11-12. Count IV also alleges a breach of contract, but instead is based on Columna's theory that it is a third-party beneficiary to their patients' contracts with Aetna. *See id.* at 12-13. Count V alleges a claim for unjust enrichment (contract implied in law). *Id.* at 13. Count VI alleges a claim for quantum meruit (contract implied in fact). *Id.* at 15. Count VII alleges a claim for promissory estoppel. *Id.* at 17. Finally, Count VIII alleges a claim for tortious interference. *Id.* at 18.

Through its Motion to Dismiss, Defendant Aetna Health, Inc. has moved to dismiss Count II and Counts IV-VIII. *See* Mot., DE 8, 1. Defendant did not move to dismiss Counts I or III. *See id.*

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ.

P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555 (citation omitted), and must provide sufficient facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *id.* Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, the "plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### III. DISCUSSION

A. Count II: Declaratory Relief

Count II of the Complaint seeks a "declaratory judgment clarifying the parties' rights and obligations under Defendant's ERISA Plans." Compl., DE 1, 10-11. Defendant argues this count must be dismissed, because there is not a substantial controversy warranting declaratory judgment. Mot., DE 8, 5. In addition, Defendant argues Count II is duplicative of Count I. *Id.* at 6.

"The Declaratory Judgment Act grants federal courts the discretion to 'declare the rights and other legal relations of any interested party seeking such declaration.'" *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016) (quoting 28 U.S.C. § 2201(a)). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S 277, 286 (1995)). "Based on the facts alleged, there must be a substantial, continuing controversy between two adverse parties. … [I]n order for this Court to have jurisdiction to issue a declaratory judgment, … [Plaintiffs] must assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999).

At this stage, the Court finds that the Complaint has plausibly alleged an actual case or controversy that is not fully duplicative of Count I. Plaintiff has adequately alleged that it is *continuing* to provide spinal surgeries to Aetna members, and a determination of Columna's rights under the ERISA-based plans is necessary to resolve the ongoing dispute between Columna and Aetna over Columna's compensation for those surgeries. *See* Compl., DE 1, 11. In contrast, in *Crossen v. USAA Casualty Ins. Co.*, which has been cited by Defendant, the Court dismissed a declaratory judgment claim where the claim was *entirely* duplicative of the plaintiff's breach of contract claim and sought no further adjudication of ongoing benefits under the insurance contract. *See* No. 18-81453-CIV-Rosenberg, 2019 WL 1258739 (S.D. Fla. Mar. 19, 2019). In addition, as Plaintiff's counsel explained at the motion hearing, this "isn't some intangible expectation that Columna may or may not engage in business or actions with Aetna, because at this present time, even as this Complaint stands, again, Columna is providing ongoing treatment to the insureds of

Aetna, not just in the future, but it is certain that right now there may be other claims accumulated that are not yet added or have not been amended at this point." 8/14/19 Mot. Hr'g Tr. 5:6-13. Accordingly, the Court exercises its discretion to permit the declaratory judgment count to proceed, so Defendant's Motion to Dismiss as to Count II is denied.

B. Count IV: Breach of Third-Party Beneficiary Contract (Non-ERISA Claims)

In Count IV, Plaintiff pleads a breach of a contract claim, based on the theory that it is a third-party beneficiary to the contracts between Aetna and its members. Defendant moves to dismiss this claim, as "Plaintiff entirely fails to allege any facts… [demonstrating that] there was a clear or manifest intent of the contracting parties that the contract directly benefitted Plaintiff. Mot., DE 8, 7.

For a third party to state a breach of contract claim, the plaintiff must allege: "(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." *Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 195 (Fla. 2006) (citations omitted).

At the motion hearing, Columna conceded that it had not found any case law to suggest that medical providers are, as a matter of law, third-party beneficiaries to their patients' health insurance contracts. *See* 8/14/19 Mot. Hr'g Tr. 8-11. The Court in its own research has similarly found no case law to support this proposition.

Accordingly, Plaintiff must allege facts that there was a clear or manifest intent by the contracting parties for the contract to directly benefit the alleged third-party beneficiary. The Court agrees with Defendant that the Complaint as pled does not adequately allege facts to make it plausible that Aetna and its insureds contemplated that their insurance contracts would benefit

5

Columna. In the Complaint, Plaintiff merely states that it is a third-party beneficiary. Compl., DE 1 ¶ 79. This is a legal conclusion, without any factual support to suggest that Plaintiff was an intended third-party beneficiary. As a result, Count IV is dismissed without prejudice.

C. <u>Count V: Unjust Enrichment/Contract Implied-in-Law (Non-ERISA Claims)</u>

Defendant argues in its Motion that Plaintiff's unjust enrichment claim must be dismissed, because Plaintiff has not properly alleged that Defendant received any benefit when their insureds sought treatment at Plaintiff's practice. Mot., DE 8, 8-9.

To state a claim for unjust enrichment, Plaintiff must allege that "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Extraordinary Title Services, LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009).

Here, Plaintiff alleges that "Aetna wrongfully retained the benefit of becoming discharged from its obligation to ensure its Members receive medically necessary health care services, while also retaining funds that Aetna is obligated to pay to Columna for the services provided to Aetna's Members." Compl., DE 1, 14. However, Columna's provision of medical treatment to Aetna's insureds benefits the *insureds*, not Aetna, based on on-point case law and this Court's own precedent:

> By providing treatment to [Defendant's] insureds, Plaintiffs benefitted their patients, not [Defendant]. *See Hialeah Physicians Care, LLC v. Connecticut General Life Ins.*, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013) ("HPC can hardly be said to have conferred any benefit, even an attenuated one, upon the Plan's insurer by providing Plan beneficiaries with health care services."); *Adventist Health System/Sunbelt Inc. v. Medical Sav. Ins. Co.*, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 5, 2004) ("[A] third-party providing services to an insured confers nothing on the insurer except, a ripe claim for reimbursement, which is hardly a benefit.").

6

*RMP Enterprises, LLC v. Connecticut Gen. Life Ins. Co.*, No. 9:18-CV-80171, 2018 WL 6110998, at *9 (S.D. Fla. Nov. 21, 2018). The Court finds the same is true here. Plaintiff's provision of medical care benefits its patients, not its patients' insurance company. Accordingly, Count V is dismissed with prejudice, as the Court finds amendment would be futile.

D. <u>Count VI: Quantum Meruit/Contract Implied-In-Fact (Non-ERISA Claims)</u>

Defendant argues that Plaintiff's quantum meruit claim must be dismissed for the same reasons that Plaintiff's unjust enrichment claim should be dismissed. Mot., DE 8, 11. The Court agrees.

To state a quantum meruit claim, Columna must plausibly allege that it "provided, and defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1194 (11th Cir. 2009) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So. 2d 297, 305 (Fla. Dist. Ct. App. 1999)). Under Florida law, a valid contract arises when the parties' assent is manifested through written or spoken words, or "inferred in whole or in part from the parties' conduct." *Commerce P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. Dist. Ct. App. 1997). "A contract based on the parties' words is characterized as express, whereas, a contract based on the parties' conduct is said to be implied in fact." *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. Dist. Ct. App. 2010).

Here, Columna alleges that Aetna's conduct, "through its verification representations and authorizations prior to the services being performed" created a contract-in-fact. Compl., DE 1, 16. Columna further alleges that "[p]rior to all non-emergent initial consultations with each new patient, Plaintiff contacted Aetna to verify that each patient was covered by a health plan insured

by and/or administered by Defendant, and to obtain benefit information and pre-authorization for the services to be provided." *Id.* at 5. For the same reasons set forth in Section C *supra* relating to Plaintiff's claim for unjust enrichment, the Court finds that Plaintiff has not pled a claim for quantum meruit. Plaintiff has failed to sufficiently allege a benefit that was conferred upon *Aetna*, as opposed to Aetna's insureds.

In addition, Defendant's verification of coverage and pre-authorization of services, without more detail, does not amount to a promise to pay. As this Court previously held:

> [Defendant's] alleged oral verification of coverage is insufficient to form the basis of any agreement to pay—whether implied or express. Courts across the country agree that an insurer's verification of coverage is not a promise to pay a certain amount. *See Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of R.I.*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000) (noting that insurer's verification of coverage is merely a representation that the insured was "covered for the type of treatment" proposed by the medical provider, not promise to pay a certain amount for services), aff'd, 284 F.3d 1174 (11th Cir. 2002); *Peacock Med. Lab, LLC v. UnitedHealth Group, Inc.*, No. 14-81271-CV, 2015 WL 5118122, at *5 (S.D. Fla. Sept. 1, 2015) ("[A]llegations here of an indefinite 'confirmation of coverage' are insufficient to allege the 'definite' promise ..."); *Cedars Sinai Medical Center v. Mid–West Nat. Life Ins. Co.*, 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000) ("[W]ithin the medical insurance industry, an insurer's verification is not the same as a promise to pay"); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184, 1194 (C.D. Cal. 2007) (coverage verification "cannot be construed as a binding contractual agreement"); *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11 C 1355, 2016 WL 7157522, at *4 (S.D. Tex. Dec. 7, 2016) ("[E]ven assuming that it was [the provider's] practice to make verification calls, the calls were actually made, and the insurance was verified, that verification was not the same as a promise of payment.").

*RMP Enterprises*, 2018 WL 6110998, at *8. Furthermore, this Complaint is distinguishable from the complaint in *Watershed Treatment Programs, Inc. v. United Healthcare Insurance Company*, as cited by Plaintiff. *See* Resp., DE 10, 9; *see also* No. 07-80091 CIV, 2007 WL 1099124, at *2 (S.D. Fla. Apr. 10, 2007). In *Watershed*, the pre-authorization process was pled in far greater detail than is pled here. *See* 2007 WL 1099124, at *2 ("After Defendants provide the preauthorization code, [Plaintiff] faxes an acknowledgment of the level of treatment to be provided, length of stay,

and revenue code for payment, and this fax requires UHC to notify Plaintiff if the terms of the agreement are incorrect. Additionally, The Watershed alleges that once a patient has been admitted, it undertakes concurrent reviews with a UHC care manager to ensure that the patient is receiving appropriate care.") (record citations omitted).

The Court dismisses Count VI with prejudice, as Plaintiff has not sufficiently alleged that a benefit was conferred upon Defendant, and any amendment would be futile in light of *RMP Enterprises*.

E. <u>Count VII: Promissory Estoppel (Non-ERISA Claims)</u>

To state a claim for promissory estoppel, Plaintiff must allege: "(1) a representation as to a material fact that is contrary to a later-asserted position, (2) reasonable reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." *Romo v. Amedex Ins. Co.,* 930 So. 2d 643, 650 (Fla. Dist. Ct. App. 2006) (quoting *FCCI Ins. Co. v. Cayce's Excavation, Inc.*, 901 So. 2d 248, 251 (Fla. Dist. Ct. App. 2005).

Here, Columna's Complaint alleges that it "verified the existence of coverage and, in the vast majority of cases, obtained express authorization from Aetna to treat its Members." Compl., DE 1, 17. However, Columna does not allege that the authorization contained a representation as to precisely what services would be covered, how much payment would be made for those services, when payment would be made, or to whom payment would be made. These allegations are too indefinite to sustain Plaintiff's promissory estoppel claim. *See e.g.*, *W.R. Grace and Co. v. Geodata Services, Inc.,* 547 So. 2d 919, 924 (Fla. 1989) ("The alleged promise must be definite, including as to terms and time."); *Maccaferri Gabions, Inc. v. Dynateria, Inc.*, 91 F.3d 1431, 1443–44 (11th Cir. 1996) (same). *See also Vencor Hosps. v. Blue Cross Blue Shield of R.I.*, 284 F.3d

9

1174, 1185 (11th Cir. 2002) ("First, Count III of the Complaints asserts that [Plaintiff] justifiably and detrimentally relied on the promises of [Defendant-Insurer]. Taking the facts alleged in the Complaints as true, Count III merely asserts that [Defendant-Insurer] acknowledged that the insureds were covered for the type of treatment that [Plaintiff] proposed. [Plaintiff] does not allege that [Defendant-Insurer] made any acknowledgments as to costs of a treatment. [Plaintiff] merely alleges that [Defendant-Insurer] acknowledged that the proposed treatment was covered. In Count III, [Plaintiff] alleges nothing about statements regarding the costs of such treatment. Thus … the Court finds that [Plaintiff's] promissory estoppel claim goes only to types of treatment."). Plaintiff's promissory estoppel claim here is insufficiently pled and must be dismissed without prejudice.

   F. Count VIII: Tortious Interference

Plaintiff's final claim is for tortious interference with a business relationship. Compl., DE 1, 18-19. Through this count, Columna argues that Aetna interfered with Columna's business relationships with its patients by misrepresenting to patients what they owe to Columna through communications such as Explanations of Benefits ("EOBs"). *Id.* Columna maintains that it is entitled to "balance bill" its patients for any costs not paid by Aetna. *See id.*

To state a claim for tortious interference with a business relationship, Plaintiff must allege: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *See, e.g.*, *Hamilton v. Suntrust Mortg.*, 6 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014) (citing *Univ. of West Fla. Bd. of Trs. v. Habegger*, 125 So. 3d 323, 326 (Fla. Dist. Ct. App. 2013)). "Under Florida law, an interference is unjustified where the interfering defendant

is a stranger to the business relationship." *Id.* at 1320 (internal quotations omitted). "An interfering defendant is not a 'stranger,' however, 'if the defendant has any beneficial or economic interest in, or control over, that relationship.' This includes when a defendant has a 'supervisory interest in how the relationship is conducted or a potential financial interest in how a contract is performed.'" *Id.* (quoting *Treco Intern. S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1289 (S.D. Fla. 2010); *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So.3d 1090, 1094 (Fla. Dist. Ct. App. 2009)).

Here, as currently pled, the Complaint unambiguously states that "Columna confers benefits on Aetna" through the treatment of Aetna members. *See* Compl., DE 1, 4. *See also id.* at 6 ("Upon information and belief, the medically necessary spine surgical procedures provided to Aetna's Members consist of 'covered services' under the terms of Aetna's Plans for which Aetna is obligated to pay Plaintiff or provide reimbursement for."). These statements are incorporated by reference into Count VIII, *see id.* at 18, plainly defeating Count VIII. While Federal Rule of Civil Procedure 8 permits alternative and even inconsistent claims for relief, Plaintiff must separate the facts alleged in support of one theory of the case from the facts that support an alternative theory of the case. Here, by re-incorporating the first fifty-two paragraphs of the Complaint into Count VIII, Plaintiff has defeated its own claim by alleging that it is not a stranger to the relationship between Columna and its patients. Accordingly, Count VIII must be dismissed without prejudice as well. Any amended complaint must plead Plaintiff's tortious interference claim to demonstrate that Defendant is "no stranger to the business relationship between [Plaintiff] and customers who are insured by [the Defendant]." *See Gunder's Auto Ctr. v. State Farm Ins.*, 617 F. supp. 2d 1222, 1224-25 (M.D. Fla. 2009) *aff'd*, 422 F. App'x 819 (11th Cir. 2011). Plaintiff's amended tortious interference claim must further demonstrate that Aetna is not a stranger to a relationship that "it

will ultimately fund." *See Palm Beach Cty. Health Care District v. Professional Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. Dist. Ct. App. 2009).

## IV. CONCLUSIONS

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Counts IV-VIII are **DISMISSED**. Count V (Unjust Enrichment) and VI (Quantum meruit) are dismissed with prejudice; Counts IV, VII, and VIII are dismissed without prejudice. Accordingly, Defendant's Motion to Dismiss [DE 8] is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff is **ORDERED** to file an amended complaint not inconsistent with this Order by no later than September 20, 2019. Failure to file an amended complaint may result in the dismissal of this case for failure to prosecute.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of September, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record